2. He who takes a legal title, with notice of a prior equitable title, is trustee for him who holds the equitable title; but the legal title, obtained by a purchaser under the former, although with notice of the prior equitable title, will not be disturbed, if the purchaser was encouraged by the latter to pay the purchase-money.

Bill in chancery [by John Kurtz], praying for a decree under the act of Maryland, to record a deed of trust from Margaret Bogenriff to John Mountz, to secure a debt of $500 due by her son Valentine Bogenriff, to the plaintiff; and to charge the Bank of Columbia, who took a subsequent deed of trust from the same Margaret Bogenriff to secure a debt due by her said son to the bank. It states that the defendant Daniel Kurtz was the agent of the bank in taking the deed, and had notice of the unrecorded prior deed to Mountz, and of the accident by which it was prevented from being recorded. That Daniel Kurtz, by order of the bank, sold and conveyed the property to the defendant W. Good for $1,800. That the plaintiff gave notice to Good, before he paid the purchase-money, of the prior unrecorded deed.

Mr. Marbury, for plaintiff, contended that notice to Daniel Kurtz, the agent of the bank, was notice to the bank; and the bank, having got the legal title with notice of the prior deed to Mountz in trust to secure the debt to the plaintiff, and having sold the property and received the purchase-money. was a trustee for the plaintiff to the extent of the debt due to him by Valentine Bogenriff; and cited the following authorities: Le Neve v. Le Neve. Amb. 436; Brotherton v. Hatt, 2 Vern. 574; Jennings v. Moore, Id. 609; Attorney-General v. Gower, 2 Eq. Cas. Abr. 685; Norris v. Le Neve, 3 Atk. 26; Maddison v. Andrew, 1 Ves. Sr. 57; Pomfret v. Windsor. 2 Ves. Sr. 485; Williams v. Lee, 3 Atk. 224; Worsley v. Scarborough, Id. 392; Lowther v. Carlton, 2 Atk. 242; 2 Eq. Cas. Abr. 282; Toulmin v. Steere, 3 Mer. 210.

Mr. Key, contra. The principle upon which the rule of equity is founded, is fraud. Sugd. 471. There must be apparent fraud, or undoubted proof of notice. Kurtz was not such an agent of the bank as that his knowledge should bind the bank. He was to do a mere ministerial act in which he had no discretion. He was only to receive the deed. If he had power to negotiate for it, his knowledge would have bound the bank. The fact that he was the trustee in the deed makes no difference. Notice to a mere trustee without interest cannot bind the principal. The

1 [Reported by Hon. William Cranch, Chief Judge.]

ground of decision in the case of Le Neve v. Le Neve, was, that the wife placed confidence in Norton, who was her solicitor to arrange the business of her settlement. The notice must be given to some person authorized to treat. Previous knowledge, before the agency, is not sufficient. The notice must be in the transaction itself in which he is employed.

Mr. Key cited Merril v. Sloan, 1 Murph. 121; 3 Am. Dig. 19; Ham. Dig. 560; Shelburne v. Inchiquin, 1 Browne, C. C. 338; Sugd. 493; Hilcock v. Humphrys, Barnard, 221.

CRANCH, Chief Judge (THRUSTON, Circuit Judge, absent). The plaintiff lent the defendant Valentine Bogenriff $500, on the faith of the deed of trust executed by his mother to John Mountz. The defendant, Daniel Kurtz, was afterwards the agent and trustee of the Bank of Columbia, to treat with Mrs. Bogenriff for a deed of the same property to him in trust to secure a debt due by the defendant Valentine Bogenriff to that bank. He did, accordingly, as agent of the bank, treat with Mrs. B. for, and did take from her such a deed, with full knowledge, and with express notice at the time, given to him by Mrs. B., that she had made the prior deed of trust to secure the money lent by the plaintiff to the defendant Valentine, and that that debt was not paid. The principle in equity has long been established that notice to the agent is notice to the principal. The Bank of Columbia, therefore, must be considered as having taken the security subject to the prior incumbrance of the plaintiff; and, having sold the property, and received money to a greater amount than the plaintiff's claim, must be deemed to be trustee for the plaintiff to the extent of the debt and interest due to him. The answer of W. Good does not admit that he had notice of the plaintiff's claim, before he paid the purchase-money; but if it did, it states also that the plaintiff informed him that all would be right, and that the bank would satisfy his claim. Upon such information he was justified in paying the purchase-money and getting a deed for the lot, notwithstanding the notice; which it is probable was the fact. His title, therefore, must not be disturbed by the plaintiff.

But THE COURT will decree that the Bank of Columbia pay to the plaintiff the debt due to him by Valentine Bogenriff and secured by the deed of trust from Margaret Borgenriff to John Mountz, with interest and the costs of this suit.

THE COURT will not order that deed to be recorded; because it is unnecessary as it regards the Bank of Columbia, and because it might injure the title of W. Good, which, under the circumstances stated in his answer, (which, with the other answers, was agreed to be read in evidence as if it were a deposition regularly taken in the cause,) ought not to be disturbed by the plaintiff.